The United States Court of Appeals for the Federal Circuit is now open and in session. God save the United States and this Honorable Court. Thank you. I'll call the first argued case. It's number 20, 1911, Ortiz v. McDonough. Mr. Carpenter, proceed. Thank you very much, Your Honor. May it please the Court, Kenneth Carpenter appearing on behalf of Mr. Ortiz. At issue in this case is a question of whether or not the Secretary's 2010 amendment to its regulatory provision at 38 CFR 3.304F, which added a new subsection 3, constituted a liberalizing change in law. There are two veterans court decisions that address this issue. The single judge in this case relied upon the more recent panel decision in Foreman v. Sulkin at 29 Vedap 146. There is a second panel decision that concluded otherwise to the holding in Foreman some seven years earlier in 2018. Let me double check that date. Mr. Carpenter, this is Judge Toronto. Do I understand that your position is that before 2010, the claimant had to prove more facts to establish the ultimate service connection fact than the veteran has to prove after 2010? And this smaller universe of facts that now suffice under the 2010 makes this a liberalizing law, and neither Rutten nor Spencer involve such a circumstance, so you win. That would be correct, Your Honor. And does the government dispute that that's what happened based on that legislation? I understand that to be the government's position, that they're defending the decision in Foreman as relied upon by the single judge who decided the case for Mr. Ortiz. Okay, well, we shall inquire of the government. Your Honor, please proceed. Mr. Ortiz relies upon this court's assessment in the rule challenge of the amendment to this regulation, in which this court in the Nova case found that when the regulation was amended in August of 2009, that it created an additional situation in which a veteran could establish post-traumatic stress disorder for service connection purposes without supporting evidence regarding a claimed in-service stressor. The primary requirement of this regulation at 3.304F is that a diagnosis must be supported by creditable supporting evidence that an in-service event or stressor occurred sufficient to support the diagnosis of post-traumatic stress disorder. That requirement was modified by the subsection three addition, which allowed for a veteran in certain circumstances, specifically exposure or fear of hostile enemy or terroristic activity, to be not required, or excuse me, allowed to support his or her claim based upon their own lay evidence without the supporting or independent corroborating evidence of the occurrence of the in-service stressor. In other words, that the veteran's own lay evidence would be sufficient so long as it met the other requirements of F3. That ability to establish service connection for post-traumatic stress disorder did not exist prior to the Secretary's amendment to F3. Therefore, we believe that contrary to the conclusion of both the decision in this case and the panel decision in Foreman, that this does constitute a liberalizing change in law and meets the requirements. This court in Spencer specifically indicated that a liberalizing law for the purposes of determining effective date is one that brings about a substantive change in law and creates a new and different entitlement to benefit. We believe that that is precisely the circumstances that took place with the amendment to include F3 as part of the law, rendering that a substantive change based upon a new and different basis, that new and different basis being the lay evidence of the veteran, which is available for any other service-connected disability, but is not available by regulation for establishing service connection for post-traumatic stress disorder. The only other provision, and it is one of the other subsections where lay evidence is available, is for a combat veteran. That was previously available. This allowed for a more liberalizing use of lay evidence for those individuals who were subject to or were in fear of hostile enemy or terroristic activity. Mr. Carpenter? This is Judge Chan. 3.304F requires the claimant to provide credible supporting evidence that the claimed in-service stressor occurred. That's correct, Your Honor. With that, we have F3.304F3. Do you see 3.304F3 as a way of proving credible supporting or establishing that you have credible supporting evidence that a stressor occurred, or do you see F3 as a completely alternative way of establishing service connection, which does not entail providing credible supporting evidence that a stressor occurred in service? I see all five of these subsections as exceptions to the requirement, and that those five subsections in their own each individualized and unique way provide an exception to the mandatory requirement under F 3.304F to require credible supporting evidence. When the various one through five paragraphs were adopted, did the Secretary describe them as exceptions or as particular ways of satisfying the opening sentence? My recollection of each of the times in which subsection F was modified by the Secretary, there was no express discussion in the public notice provided by the Secretary one way or the other as to the reasons that those subsections of F were modified. None of those subsections were added. Did he file a new original claim that bore a striking similarity to an earlier one? That is my understanding of the underlying facts in both Spencer and Roughton, yes. Roughton? Okay. I don't. That's how I put it. Right. And can I ask you a question, which I'm going to ask the government, so you may not quite be the right person to ask. So in the government's red brief at page 14, footnote five, the government says that this case differs from a presumption of service connection, which this court has held constitutes a liberalizing change. Because a presumption of service connection eliminates the need for proof of a nexus between disability and in-service event, injury, or disease. And it cites Walker against Shinseki. I have some trouble finding in Walker a holding that a presumption of service connection is a liberalizing change. Am I missing something? Your understanding or reading of Walker is the same as mine, Your Honor. I don't believe that the panel in Walker addressed that issue. The issue that was addressed in Walker was how to interpret the underlying regulation at 3.303 and 3.307. And when the provisions of each applied to a chronic disease. But isn't it strange if in fact there's such a really quite dramatic change in the burden of proof. You don't really have to say that it's liberalizing. Isn't it self-evident? I believe it is, Your Honor. And in the Irwin case, which was my case at the Veterans Court, the panel in that case unanimously agreed that it was a liberalizing change in law. Which was, I think, some six years earlier than the decision made by the panel in Foreman. And clearly the facts in Foreman were much different than the facts presented in Irwin. But nonetheless, it seems to me, as you say, that this is such a dramatic change that it is self-evident that it is a liberalizing change in the law. Because it simply changed the entire dynamics of how a person was able to establish entitlement to service connection without some corroboration of the event which had previously in the case law been prohibited to be established by one's lay testimony. I believe I heard the buzzer. Yes. All right. Now we'll save you rebuttal time. Let's hear from the government. Thank you, Your Honor. And may it please the Court. The Court should affirm the Veterans Court's holding that 38 CFR 3.304 subsection F3 does not constitute a liberalizing change, such that Mr. Ortiz could be entitled to a new effective date. This question can be squarely resolved by this Court's prior precedence in Spencer and in Routen. In Spencer, this Court set forth the definition of a liberalizing law and explained that it's one that has to bring about a substantive change, as opposed to a procedural change. And then in Routen, the Court applied this definition of a liberalizing change from Spencer to find that a change in the evidentiary standard, an act that made it easier to prove entitlement, was procedural in nature and thus not liberalizing. Here, like in Routen... Ms. Akers, this is Judge Taranto. I had thought, put aside Spencer, but in Routen, the only change that was before the Court, and I think the Court emphasized this several times, was not on the claimant's side of the adjudication. That is not what the claimant could prove and, in the absence of anything else, win on, but rather on the defense side. And it wasn't even a change in the facts that the government could present to rebut the claimant's affirmative case, but merely the level of convincingness. And it's easy to see why that might well be viewed as merely procedural. But a change on the claimant's side that says you no longer have to prove a certain fact or support by certain evidence and you win on this lesser case? How is that not a substantive change? Your Honor, this noted a difference between which party the altered burden applies to between Routen and here. And Your Honor is correct that the altered burden was different because it was imposed on the government in Routen, and here it's on the veteran. But why this is the same, in effect, is because in both cases it made it easier for the veteran to establish service connection. And here, I think Your Honor noted that the veteran no longer has to prove a certain element, but that's not the case. The elements, the three elements to establish service connection for PTSD are the same. The VA is simply saying that it will accept a lesser form of evidence. But this is not like a presumption where the element disappears and we presume that the veteran automatically meets the element. There's still a necessity that the veteran put forth proof to establish the first element under subsection F1. And so this is merely a lessening of the evidentiary burden, making it easier to establish the element. Ms. Akers, this is Judge Chen. I just want to confirm that in your view, whenever the VA amends a regulation to add a presumption of a certain fact, then when before the claimant had to prove that fact, you're saying the government believes that's a liberalizing law? In most cases or all the cases that I've seen, Your Honor, yes, the VA has admitted or put forth a statement, usually published in the Federal Register, that describes presumptions as a liberalizing law. I don't believe there's any cases or instances in which the VA has recognized the presumption and has not explained it as a liberalizing law. So I just want to understand why there's a distinction between the addition of a presumption of service connection and what we have here in 3.304F3. I ask because a presumption isn't definitive. I mean, I assume that presumption simply means that that's the starting point of the inquiry as to that particular element, that particular fact, but if the VA sees strong evidence to the contrary, the presumption can be overcome. Is that right? That is correct, Your Honor. The distinction between a presumption and this case is that the evidentiary effect of a presumption is a result. And so while Your Honor is correct that that result could be overcome, with the presumption, the veteran now has a right to an element being fulfilled based on that presumption. Here, the veteran can fulfill its burden by presenting lesser evidence, but the veteran does not have a substantive right to a recognition of service connection unless they meet the element. So the evidentiary effect here is simply facilitating the veteran in meeting the element. It's changing or lessening what needs to be proved, but there's no substantive right to the element as there has been with the presumption. But the government's position is that there's nothing liberalizing about this change in procedure? Correct, Your Honor. That's our position, and it's because there's no substantive change. But you've told us if it's easier to meet the burden, how can that not be not liberalizing? Well, under this court's rendition of what it means to be liberalizing, there has to be a change in the benefit. It has to be a substantive change. And in Rowan, this court explained that an act that made it easier to prove entitlement is procedural in nature and not substantive. And that's exactly what we have here. There is an effort through this amendment to make it easier to prove entitlement, but the benefit that the veteran's receiving, the service connection for PTSD, that was the same both before the 2010 amendment and after the 2010 amendment. Mr. Ortiz tries to equivocate this change in the regulation with the presumption, but like I've explained, I think the crux of this case is that the evidentiary effect is that the VA merely changed what the veteran needs to put forth to meet the element, whereas in the presumption, the evidentiary effect is a change in the result for the veteran. Your Honor, Toronto asked... Toronto, can I just ask you the question that I asked Mr. Carpenter about your footnote 5, page 14 of the red brief and its citation of Walker against Shinseki? Have I missed something in Walker that actually holds that a presumption is a liberalizing change? No, Your Honor. I believe there's just simply a misunderstanding here. So we cited Walker and the Nicholson case because both of those cases established that a presumption eliminates the need for proof of a nexus, so exactly what I was just describing. The effect of a presumption is that the veteran gets a result. Now, this court has in several other cases recognized that a presumption constitutes a liberalizing change. I would point, Your Honors, to the Williams v. Principi case from 2002. There was a recent case from 2019, Davis v. Wilkie, that provided an example of a liberalizing law as it relates to adding a presumption. And then there's McKinney v. McDonald, which was a 2015 Federal Circuit case, also where the VA recognized a presumption as a liberalizing change, and this court adopted that. So this court has several times recognized that a presumption constitutes a liberalizing change. That's not the same circumstance that we have here, of course, because there is no creation of a presumption with the amendment of Subsection X3. It was simply a change in the burden for the veteran. Ms. Akers, you were referring to presumptions as a result, and I don't understand that because the presumption really is more a shifting of the starting point. I mean, the end result could be that the presumption prevails, but another case, the real result, could be that the record overall overcomes the presumption. So I don't understand why you're calling the presumption a result. It's a result, Your Honor, in that unless there is evidence to the contrary, that element for the veteran is automatically established. So there's nothing that the veteran has to do to establish entitlement to a benefit unless that presumption is overcome by the government. Here, though, no matter what, the veteran still has to put forth evidence to meet all three of the elements for the service connection. So I understand Your Honor's point that the presumption could be overcome. The result could be overcome, but there is a substantive entitlement to that presumption, whereas here there's no substantive entitlement to any benefits such that this could be on the basis. So you have a substantive entitlement now to benefits without needing to corroborate that an in-service stressor occurred. Yes, Your Honor. You can provide just your own lay testimony. That's correct, Your Honor, but there still has to be testimony that's provided. So it's not as though this element is eliminated, just what constitutes corroborating evidence of a stressor has changed. All presumptions have triggers which the invoker of the presumption has to establish. Here, the trigger of the presumption of existence or occurrence of the stressor is the lay testimony. In other presumptions, the trigger of the presumption is, you know, I was in a certain place or, you know, at Camp Lejeune or something, and I'm not sure why it's any different. And this is as to not the entirety of the service connection case in the traditional three elements or even the entirety of the PTSD elaboration of that, but as to nevertheless one quite crucial element, namely occurrence of the stressor. I'm having a hard time seeing the difference. I think it's important to put this in context here. It's not as though the veteran simply has to say, I was in this place and had a fear of hostile military or terrorist activity. There are other elements to establish this service connection, and this court decision in NOVA went through those. So Subsection F3 did lower the evidentiary burden such that lay testimony is now sufficient, but there's still also the requirements that a VA psychologist or psychiatrist has to speak to the service connection. There's an added definition about what constitutes hostile or military or terrorist activity, and so it's not as though this is the same as a presumption where the veteran simply has to say, I was in this particular time or place. In this case, the veteran has to provide that lay testimony and also has to meet these other elements to establish service connection. I just want to follow up because, I mean, any presumption, as Judge Toronto pointed out, you're granted the presumption once you establish a certain condition. And here there are a couple conditions in F3, and then if those conditions are met, then the veteran's lay testimony is good enough in the absence of clear and convincing evidence to the contrary, quote unquote. So in effect, I don't see how F3 is any different from an ordinary presumption because it's not definitive. It still establishes a fact unless there's other evidence to the contrary, just like how other presumptions operate. I believe the difference here, Your Honor, is that to meet F3, the evidentiary burden is still on the claimant, on the veteran. So the veteran still has the responsibility to put forth these three forms of evidence to establish service connection. With a presumption, sure, the veteran has to say that they were in a time and a place that is covered by the presumption, but the veteran has no evidentiary burden that it has to meet to have the presumption.  And that's different here because the three elements are still required of the veteran to establish service connection. And so, again, I think the difference is that the presumption dictates a result, whereas here the 2010 amendment lowered the veteran's evidentiary burden, but the evidentiary burdens nevertheless exist, and the veteran still has to meet those burdens to establish service connection for PTSD. Could you just articulate the rule in one sentence, maybe two sentences, of what the government's conception is of a liberalizing law? Because right now I see what's going on here as, you know, in the ordinary common sense use of the term, a liberalizing effort in this regulation to make it easier for a veteran to establish service connection for PTSD. Now the veteran no longer has to have corroborating evidence that the stressor occurred. So what is the sentence, what is the rule, so that I can understand what the government thinks is a liberalizing law? Sure, Your Honor. I think that we would adopt this court's explanation in Roughton that says a liberalizing law is one which brought about a substantive change in the law, a change in the law creating a new and different entitlement to benefit, but that a regulation that makes it easier to prove entitlement doesn't constitute a liberalizing law because that's procedural in nature. So I think we would adopt the language from Roughton as the definition for a liberalizing law. Okay, any more questions for Ms. Akers? None for me, thank you. No. All right, thank you. Mr. Carpenter, you have your rebuttal time. Thank you very much, Your Honor. May it please the Court, I'd like to just focus on one matter that was raised by the government, and that's the question of what constitutes a substantive change in the law. It seems to me that the government has written or read into the holdings in both Spencer and Roughton, which stand for the same proposition that a substantive change in the law is what constitutes a liberalizing change in the law. It has to do with some sort of right to the benefit as opposed to the evidentiary basis to establish that right. And the substantive change in this case was the reduction in the evidentiary requirement and the, if you will, permission to accept the lay evidence of the veteran in lieu of creditable supporting evidence, which is required by the main part of the regulation. And as a result, we have a substantive change. The government seems to rely exclusively on the Brown v. Nicholson case decided in 2007, which found that a regulatory presumption constituted a liberalizing change in the law. And somehow that because it was a presumption that there is a distinction here, there is no distinction between what happened in this case with the amendment to 3.304F3 and what happened in the adding of the regulatory presumption in Brown. There was a substantive change in law. There was a presumption afforded in Brown. And here there was a change in the evidentiary requirement. As a result, this meets the test in both Spencer and Brown for a liberalizing change in law. Mr. Carpenter, before you go, just a quick question. As I understand the government, the government is saying there's been no new basis of an entitlement to benefits created here through 3.304F3 because all the elements to establish service connection for PTSD still exist. All three elements in F. And F3 does nothing more than create a reduction in the evidentiary burden to establish the third element in 3.304F. And that can't be considered a new basis because a new basis for the entitlement to benefits would be somehow formally changing or reducing the number of elements needed to be established for service connection of PTSD in 3.304F itself. So the elements of establishing service connection is different from what's the evidence that's required to prove any one element. I think that's the distinction here, or that's the debate here. Could you just comment on that? Yes. I think, again, that is a misreading of the rule established by this court in both Spencer and Roughton, which speaks to the creation of a new and different entitlement to a benefit. And the entitlement to the benefit is established here by the substantive change in law, which permits the acceptance of lay evidence from the veteran in specified circumstances, not heretofore available. That establishes the entitlement to the benefit because if the requirements of F3 are met, there is an entitlement to service connection for post-traumatic stress disorder. Which is why I believe this court needs to read all five of the enumerated subsections of F as being exceptions to the creditable supporting evidence requirement that are established by the five specific exceptions that are made available in subsections one through five. I hope I've answered your question, Your Honor. Okay. Thank you. Okay. Any more questions from the panel? I hear silence. All right. Thank you. Thanks to counsel. The case is taken under submission. Thank you very much, Your Honor.